```
         UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF MISSISSIPPI
                NORTHERN DIVISION
```

**UNITED STATES OF AMERICA**                                                **RESPONDENT**

V.                                                          CRIMINAL NO.3:04cr24-HTW-2
                                                            CIVIL NO. 3:10cv561-HTW

**DELORES BROWN REDD**                                             **PETITIONER/DEFENDANT**


<u>**MEMORANDUM OPINION AND ORDER**</u>

Before this court is the motion of defendant Delores Brown Redd ("Redd") for relief pursuant to 28 U.S.C. § 2255 [Doc. #318]. The government opposes the motion. Having considered the parties' memoranda and the record in this case, this court concludes that the motion is not well-taken and should be denied.

**Procedural History**

On April 26, 2006, a jury convicted Redd of conspiracy to commit money laundering and substantive money laundering. [Doc. #173]. This court sentenced her to three concurrent terms of 170 months of imprisonment as to each of Counts 1, 2 and 4. [Doc. #226]. She also received three-year terms of supervised release on each count, to run concurrently, a $5,000 fine and a $300 special assessment.

Redd, via the same counsel who represented her at trial, Nathan Elmore, timely perfected a direct appeal. Redd raised the following issues:

(1) that Clarence Honer's testimony should not have been admitted into evidence;

(2) that the "business documents" seized from 711 Barwood should not have been admitted into evidence;

(3) that the handwritten documents seized at 711 Barwood should not have been admitted into evidence;

(4) that the evidence was insufficient to support the verdict.

On February 12, 2009, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") affirmed her conviction and sentence in *United States v. Redd*, No. 06-60806, 2006 WL 348831 (5th Cir. 2009).  Thereafter, on October 5, 2009, the United States Supreme Court denied Redd's petition for certiorari [Doc. #317].

Redd filed her motion to vacate on October 6, 2010. [Doc. #318].  Attorneys entered appearances on her behalf on July 22, 2011 [Doc. #323 & 326].  After numerous motions for extensions of time to file her supporting memorandum, her attorneys withdrew from representation.  Acting on her own behalf, on December 17, 2013, Redd filed her *pro se* Memorandum of Law supporting her earlier-filed § 2255 motion [Doc. #361].  Her Statement of the Grounds for Relief are nearly identical to those urged by Starsky Redd and are quoted below from Doc. #361 at p. 2:

> A.  Whether pretrial counsel's failure to: (1) properly argue for a severance; (2) properly argue for dismissal of the Indictment based on a violation of her Speedy Trial Act Rights; (3) conduct an adequate pretrial investigation by research and investigation of the facts and law of the case in preparation for trial and disclose any discovery to Redd in order for her to be involved in her own defense and to be able to make informed decisions; and (4) convey a government proposed plea agreement and advise her of the true

2

>consequences of proceeding to trial or of pleading guilty deprived Redd of effective assistance of counsel as guaranteed by the Sixth Amendment of the Constitution of the United States.
>
>B.   Whether trial counsel's failure to: (1) request a jury instruction based on profits versus proceeds; (2) allow Redd to testify on her own behalf; (3) argue third party guilt; and (4) argue at closing and move for acquittal based on the government's failure to prove the alleged money was profits instead of merely proceeds deprived Redd of effective assistance of counsel as guaranteed by the Sixth Amendment of the Constitution of the United States.
>
>C.   Whether sentencing and appellate counsels' failures to: (1) show that the government had not proven the elements of money laundering concerning profits and proceeds; (2) argue for a severance based on the violation of Redd's Speedy Trial Rights; (3) argue for a variance downward departure; and (4) challenge the amount of money attributed to Redd deprived her of effective assistance of counsel as guaranteed by the Sixth Amendment of the Constitution of the United States.

Redd's proposed errors stated in her motion vary somewhat from those contained in her Memorandum.  The allegations in both primarily charge errors that her attorney made that she contends violated her right to effective trial and appellate assistance.  Redd's Memorandum is substantially the same as that filed by Starsky Redd, a co-defendant, in his § 2255 pleading.  The court's rulings for Delores Redd are consistent with its rulings for Starsky Redd.

Pursuant to the court's order, Redd's trial attorney, Attorney Elmore, filed an affidavit regarding Redd's claims on January 21, 2014 [Doc. #367].

The government opposes the motion, urging that Redd has failed to offer any evidentiary support for her claims.  Her ineffective assistance of counsel claims are divided into (1) pretrial; (2) at trial; and, (3) at sentencing and on appeal.  As to some of Redd's claims, the government asserts that Redd has failed to assert a ground for relief of a constitutional or jurisdictional magnitude and that she is, in any event, procedurally barred from asserting these claims for the first time via this collateral attack.  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc) (defendant "may not raise an issue for the first time on collateral review without showing both cause for her procedural default, and actual prejudice resulting from the error") (internal quotation marks omitted).

## Discussion of the Applicable Law

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).

"Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir.1998). "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of

constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *United States v. Frady*, 456 U.S. 152 (1982).  Furthermore, "there is no procedural default for failure to raise an ineffective assistance of counsel claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). Accordingly, the court will consider all of Redd's claims only within the context of ineffective assistance of counsel— only these claims are not barred under the applicable law.

In order to prevail on a claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  That is, she must demonstrate (1) that counsel's performance was deficient in that it fell below an objective standard of reasonable professional service; and (2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different.  *Strickland*, 466 U.S. at 687, 688. A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claims.

"Under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505, 123 S. Ct. 1690, 1694

(2003). To demonstrate prejudice, Redd must show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Strickland*, 466 U.S. at 694). "A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the proceeding." *Id.*

> As the Supreme Court recognized in *Strickland*:
>
> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

Regarding the ineffective assistance of counsel claims, the government takes the position that Redd's conclusory allegations fail to establish either cause or prejudice for her failure to raise these grounds at the trial or appellate level, and, in any event, the claims lack merit.

Some of the grounds urged by Redd are merely reiterations of arguments that were made in her direct appeal and are, for this reason, barred on collateral review. *See United States v. Kalish,* 780 F.2d 506, 508 (5th Cir. 1986) (holding that issues

raised and disposed of in a previous appeal from an original conviction are not considered in § 2255 motions).

## Pretrial-Ineffective Assistance of Counsel

Redd contends her attorney should have filed a motion to sever her trial from her co-defendants. Her attorney *did* join in her co-defendant Sheneatha Brown's motion for a severance, and this court denied both motions. (11/14/05 Minute Entry). Nathan Elmore explained in this affidavit that he did file a motion to sever, by joining in Brown's, but it was denied. Redd offers no reason to conclude that this court would have ruled differently depending on her counsel's performance in arguing the motion or in providing a different supporting memorandum.

This court would not have ruled differently with different arguments, and no deficiency is alleged by these general allegations.

Redd also contends that Attorney Elmore was ineffective for failing properly to argue that Redd's Speedy Trial Act Rights were violated. Redd did file such a motion, by joining in Sheneatha D. Brown's motion. According to Redd, her attorney "piggy-backed" his motion without argument or authority with Brown's motion and stated to the court that all of the grounds enumerated in Ms. Brown's Motion apply to Delores Redd with the same import and significance. She alleges that this court denied her motion "without written order or any findings of fact or

conclusions of law" on November 14, 2005.  Doc. #361, p. 17. Redd does not state what Attorney Elmore could have argued that would have changed the decision of this court.

In general, the Speedy Trial Act, 18 U.S.C. §§ 3161-74, requires the government to indict a charged individual within "thirty days from the date on which such individual was arrested or served with a summons in connection with such charges" and bring a defendant to trial within seventy days after the defendant is publicly charged or makes an initial appearance, "whichever date last occurs." See 18 U.S.C. §§ 3161(b), (c)(1).

Redd attempts to reargue the dates supporting her claims of speedy trial violations in her Memorandum.  The Fifth Circuit carefully considered both the constitutional claim and the Speedy Trial Act in the direct appeal as the issue applied to Starsky Redd.  *See Redd,* 2009 WL 348831 at *3-5.  The same analysis applies to Delores Redd.  Both this court and the Fifth Circuit thoroughly examined the record in this case, including all delays; the Fifth Circuit affirmatively held that no violations existed as to Starsky Redd, either of the Act or the Constitution.  This finding is determinative of the issue, and trial counsel cannot be held to be deficient in his argument to the court.  Joining in Brown's motion, without separate briefing, cannot be considered a deficiency under these circumstances. This court will not review Redd's calculations regarding the pertinent dates because of the prior resolution by both this

8

court and the Fifth Circuit.  No new argument regarding the dates has been made.

Next Redd also contends that her attorney failed adequately to investigate and prepare for trial.  She contends that Attorney Elmore did not interview any prospective defense witnesses, or do any research regarding the counts of the indictment.  Further, she contends that he failed to show her any discovery or government evidence.  In response, Attorney Elmore stated:

> Counsel adequately investigated and prepared for this trial; he met with Petitioner several times in his office and reviewed the discovery with her on these occasions.  She was therefore allowed to participate in her defense and make an informed, knowing decision whether to proceed to trial.

Doc. #367, p. 2.

Attorney Elmore was appointed to represent Redd on September 14, 2005, and the voir dire began on February 28, 2006.  Within that period, he filed numerous motions on her behalf, including a Motion for Discovery [118], a Motion for Confidential Informant Information [119], a Motion for Bill of Particulars [120], a Motion to Suppress [121], a Motion for Discovery Related to Motion to Suppress [142], a Motion to Dismiss on Speedy Trial Grounds [122], a Motion to Sever [123], a Motion to Dismiss Counts 2, 3 & 5 [148], and, a Motion for Discovery of Additional Brady Discovery [156].  Several sealed motions were also filed on behalf of Redd [143, 145, 163, & 167].

Redd points to no specific motion that should have been filed and would have been granted that would have prevented her conviction.

Redd generally claims that her counsel was not prepared and that he "failed to interview any prospective defense witnesses or to research either the facts or the applicable law regarding any of the counts of the Indictment, all of which was extremely detailed and interrelated." Doc. #361, p. 22. Yet Redd does not name a single witness Attorney Elmore failed to interview, nor does she describe what testimony that witness would have provided that would have changed the outcome of the trial.

Given Redd's mere conclusory allegations, with no underlying factual basis given, the court is convinced that no specific deficiency has been set forth which would satisfy the *Strickland* requirements. Counsel obviously worked numerous hours on Redd's defense, and no actual deficiency on his part has been articulated. Further, conclusory allegations such as these do not provide the prejudice requirement of *Strickland*. *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.").

Redd also claims that her attorney failed to advise her about the plea proposal made by the government and the benefits of pleading guilty. According to Redd, "Elmore grossly underestimated Delores's sentencing exposure in proceeding to

trial and advised her that if she proceeded to trial, and was convicted that she would be facing a sentence that would not exceed eight (8) years imprisonment." [Doc. #361, p. 25]. Yet Redd was certainly advised at her arraignment as to the statutory maximum sentence she could receive. Further, Mr. Elmore swore in his affidavit the following:

> Counsel did inform Petitioner of the government's proposed plea agreements before and during trial and reviewed the sentencing guidelines that would govern her sentence if she were convicted so Petitioner could consider the risks of proceeding to trial. Counsel did not tell Petitioner that her sentence would not exceed 8 years if she was convicted.

Doc. #36, p. 2.

Redd's claim that she was not informed of the plea, or that Attorney Elmore told her that her sentence would not exceed eight years, is incredulous. She has not presented any support for this claim nor has she rebutted the affidavit of her attorney in this regard. In order for a deficiency to be set forth, a factual basis must be alleged rather than unsupported conclusory assertions.

### Ineffective Assistance at Trial

Redd contends that her attorney was deficient when he failed to request a jury instruction based upon profits versus proceeds; the court should have limited its definition of "proceeds" to include only "profits." Because counsel did not request the instruction, the claim was waived for appellate review.

The Fifth Circuit reviewed this issue under a plain error analysis, since no objection was made to the jury instructions on

11

this basis.  *See, Redd,* 2009 WL 348831 at *8-9.  The Court found that under *United States v. Santos*, 128 S.Ct. 2020 (2008), and *United States v. Brown,* No. 05-20997, 2008 WL 5255903 (5th Cir. Dec. 18, 2008), Starsky Redd's substantial rights were not violated.  The evidence presented at trial was ample to prove that Starsky Redd's drug trafficking business was profitable, thus, any error was harmless.  The same analysis would apply to Delores Redd.  As to this allegation, Attorney Elmore asserted:

> Counsel did not request a jury instruction based on profit versus proceeds.  The primary case on this issue, *United States vs. Santos,* 128 S.Ct. 2020 (2008) was not decided until after the trial of Petitioner.

Doc. #367, p. 2.

Even if the issue should have been raised, not raising every nonfrivolous issue does not constitute deficient performance.  *E.g., United States v. Reinhart*, 357 F.3d 521, 525 (5th Cir. 2004).  The Fifth Circuit's holding is binding on this court as to whether any "prejudice" can be shown as a result of the failure to submit an instruction on this issue: no prejudice existed.  Accordingly, Mr. Elmore cannot be found to be ineffective on this claim.

Redd also contends that her attorney was ineffective in that "he deprived Delores from testifying at trial."  Doc. #361, p. 29.  She charged:

> In this case, the government's case turned on the credibility of Tucker and Honer who were both felons testifying under a plea deal.  Delores's past conduct was already before the jury when the decision not to call her as a witness was made.  All turned on the jury choice between her account and that of her alleged co-conspirators.  Yet

> defense counsel did not put Delores on the stand to tell her side of the story.  Given the posture of the trial and- significantly- the fact that Delores's account was both plausible and exculpatory, Elmore's *failure to call her* was not an objectively reasonable strategic decision.  Therefore, she was prejudiced.  Worse yet, she was not given the option by her attorney *who prevented her from testifying on her own behalf*.  Had she testified she could have easily refuted the testimony of Tucker and Honer and how they tied her to the alleged conspiracy. ... The jury in a long trial like the one for Delores wanted to hear her side of the story rather than just the government's theories which were supported by savory characters to say the least.  Because of the checkered pasts of both Tucker and Honer, Delores would have been a very credible witness for herself.  She had a strong desire to testify on her own behalf so that at the jury could hear [her] side of the story.  However, *Elmore prevented her from using that constitutional right.*

*Emphasis added,* Doc. #361, p. 29.

Again, Redd provides only these conclusory allegations, and sets forth absolutely no supporting evidence or even an underlying factual basis of her own.  On the other hand, Mr. Elmore's sworn affidavit states as follow:

> Counsel informed Petitioner regarding her right to testify and/or not to testify.  These matters were also covered by the trial judge.  Petitioner made the decision not to testify.

Doc. #367, p. 3.

This court certainly questioned Redd regarding whether or not it was her decision not to testify, and Redd affirmatively stated that it was. [Doc. #273-14, pp. 178-181].  Her sworn statements in open court are entitled to a strong presumption of truthfulness.  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Redd does not even provide the court with a synopsis of the testimony she would have given that would have caused the jury to

acquit her, other than conclusory statements that she would have been a credible witness, and that the government's witnesses needed to be refuted. She never actually charges that Attorney Elmore refused to let her testify— she phrases it as his "failure to call her" and that he "prevented" her from testifying. It could be that Attorney Elmore made a recommendation that she should not testify, and that he warned her of the very realistic pitfalls of testifying. Yet this court clearly instructed Redd that it was her decision as to whether to testify or not, and she assured the court that it was her decision alone.

The law is clear that conclusory allegations are insufficient to support a claim that her counsel was ineffective for not allowing her to testify. In *Silva-Garcia v. United States,* 2012 WL 5464639 at *4 (S.D. Tex. 2012), the court noted that the petitioner failed "to articulate a single topic about which he would have testified." *See also Goodley v. United States,* 2009 WL 4730612 at 10 (E.D. Tex. 2009) ("Goodley has offered nothing beyond his own bare assertion that he wanted to testify or that his attorney would not permit him to do so.").

Redd has shown no deficiency on the part of her attorney on this issue.

Redd charged in her initial motion that her attorney failed to present any evidence of third party guilt, particularly on the part of Billy Tucker. Doc. #318 at 6. She also alleged that her lawyer "failed to properly object to the 2 ½ hour supplemental instructions" and that he "failed to request a specific intent

14

instruction." Doc. #318 at 6. Redd never developed these alleged deficiencies in her 42-page memorandum, and the court considers them abandoned. However, the issue of supplemental instructions, to which Attorney Elmore did object, was considered on appeal, as well as the denial of a specific intent instruction. *Redd,* 2009 WL 238831 at *9-10 and at *6-7.

In responding to the allegation that he did not present evidence of third party guilt, Attorney Elmore stated that he investigated and presented evidence at trial showing the motive of Billy Tucker to shift the blame from him to Redd and her co-defendants; he also cross-examined Tucker at trial and introduced many exhibits to show his motive. Doc. #367, p. 3.

Even if errors were made, no prejudice can be found due to the issues which were reviewed by the Fifth Circuit and rejected.

**Ineffective Assistance of Counsel
at Sentencing and on Appeal**

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255:(1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; see *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), cert. denied, 504 U.S. 962 (1992).

Redd asserts that her attorney should have challenged her sentence based on the need to show profits instead of proceeds. Doc. #361, pp. 31-32. This issue was addressed earlier during the section regarding her charge that counsel should have submitted a jury instruction on this basis. The issue was determined by the Fifth Circuit, and that decision is conclusive of whether prejudice could be shown even if a deficiency existed.

Redd also contends that her attorney should have argued an *ex post facto* violation at her sentencing by this court's use of the 2005 Federal Sentencing Guidelines. According to Redd, the 2001 Guidelines should have been used, because they were in effect at the time of the offense and provided for a lesser sentence. Redd contends that this court was obligated to use the most lenient Guidelines. She also contends that this court, not the jury, found the existence of a post-November 2001 conspiracy, and that this error violated the recent case of *Alleyne v. United States,* 133 S.Ct. 2151, 2153 (2013) (any fact that increases the mandatory minimum sentence for a crime is an element of the crime that must be submitted to the jury).

The Fifth Circuit reviewed Starsky Redd's sentence and held that the 2005 Sentencing Guidelines were properly used. *Redd,* 2009 WL 348831 *11-12. The same analysis would apply to Delores Redd. Issues raised and disposed of on direct appeal may not be re-litigated in a 2255 motion. The law is clear that "issues raised and disposed of in a previous appeal from a judgment of conviction are not considered." *United States v. Jones,* 614 F.2d

16

80, 82 (5th Cir. 1980).  This court did not clearly err in finding that the end date of the conspiracy was February 2002, well beyond the effective date of the challenged November 1, 2001, sentencing enhancements for money laundering.  *Id.*  Because the Fifth Circuit affirmatively made these findings, no deficiency on the part of counsel can be found regarding the arguments at sentencing.

The case of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), has not been given retroactive application.  *See United States v. Saldivar,* 2014 WL 357313 at *2 (S.D. Tex. 2013).  Redd's *Alleyne* arguments are rejected; no deficiency on the part of counsel may be shown.

Finally, Redd contends that her attorney failed to challenge her sentence on appeal.  Specifically, she alleged:

> In this case, at sentencing, Elmore raised and argued three (3) objections to the PSR calculations.  He challenged the amount of money ($229,072.06) attributed to Delores, her four (4) level increase for her alleged role as a leader/organizer and the two (2) level enhancement for obstruction of justice.  Elmore made substantial arguments at sentencing on each of his objections to no avail.  These objections were properly and timely objected to and argued at sentencing.  The issues were meritorious and "clearly stronger than issues [Elmore] did present."  They were ripe for appellate review.
>
> The Court merely adopted the calculations of the PSR.  The Court found that Delores was responsible for $229,072.06 and increased her offense level by four (4) levels as a leader/organizer and increased her offense level by two (2) levels for obstruction of justice.  ST at 42.  The Court found a Total Offense Level of 34 in Criminal History Category I yielding an advisory Guideline range of 151 to 188 months imprisonment.  *Id.*  The Court sentenced Delores to 170 months imprisonment.  *Id*. at 45.

> Even though Elmore argued substantially for the objections he filed to the PSR, he failed to raise any of these arguments on appeal. It is hard to imagine why he did not raise these meritorious issues. The issues he did raise were no where as strong as the arguments that he presented at sentencing regarding his objections to the PSR. As such,
>
> this can only be deemed as deficient performance by appellate counsel.
>
> ...

Doc. 361, pp. 40-41.

Redd concedes that Attorney Elmore fully developed these sentencing issues before this court; she does not set forth any error or deficiency in the manner the issues were raised or argued. Her only complaint is that he should have used these on appeal to challenge her sentence. According to Redd, this issue is far better than the issues actually appealed.

The argument set out by Redd regarding her sentence is not of constitutional import and does not afford a basis for relief on collateral review. *Hill v. United States*, 368 U.S. 424, 428-29(1962) (Section 2255 sounds only in constitutional or jurisdictional errors). The district judge is granted wide discretion on calculating the appropriate sentence, and the Fifth Circuit defers to the sentencing judge unless clear error exists. To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999).

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). Mere conjecture and speculation do not suffice, however. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). None of the alleged errors regarding counsel's ineffectiveness on appeal is sufficient to meet this standard.

## Conclusion

Based on the foregoing, the court finds that Redd has failed to set forth a basis for relief from her conviction and sentence, and her motion to vacate [Doc. #318] is **denied**.

SO ORDERED this 19th day of March, 2014.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE